**IT IS ORDERED as set forth below:**

Date: May 23, 2017

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ANGELA YVONNE HOLYFIELD,<br><br>    Debtor. | Case No. 16-67309-WLH<br><br>Chapter 13 |
| ANGELA YVONNE HOLYFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>ALDRIDGE PITE, LLP,<br><br>    Defendant. | Adversary Proceeding No. 17-05009 |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

    This matter is before the Court on Defendant Aldridge Pite, LLP's ("Defendant") Motion to Dismiss for Failure to State a Claim ("Motion") (Docket No. 3). For the reasons stated below, the Motion is granted.

1

## FACTS

Plaintiff filed her voluntary petition under Chapter 13 of the Bankruptcy Code on September 30, 2016. Plaintiff subsequently filed this adversary proceeding on January 6, 2017 against Defendant seeking damages for allegedly violating the Fair Debt Collections Practices Act ("FDCPA") ("Complaint") (Docket No. 1). Specifically, the Complaint alleges that Defendant sent a notice to Plaintiff regarding a loan in the name of her deceased mother, Doris Rhodes ("Notice"), and that the Notice failed to include certain required disclosures regarding Defendant's status as a "debt collector" in violation of 15 U.S.C. §§ 1692e and e(11). Defendant filed its Motion seeking to dismiss the adversary proceeding, arguing that Plaintiff failed to allege facts sufficient to show that Defendant is a "debt collector" subject to the FDCPA or that the Notice was an attempt to collect a debt. Defendant also argues Plaintiff's Complaint fails to state a claim under the FDCPA because the Notice complies with the disclosure requirements in the statute. Specifically, Defendant argues that a disclaimer in the Notice containing the following language is sufficient to satisfy the statute:

> PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

The Notice also included language stating that Defendant was not attempting to collect from any person who did not sign the note in question, and further that Defendant would not attempt to collect the debt personally in the event the recipient had received a discharge in bankruptcy. Defendant included with the Motion copies of the note and security deed evidencing the loan with Doris Rhodes, as well as a copy of the Notice.[1] Plaintiff filed a response in opposition to the Motion (Docket No. 7).

---

[1] Generally, a court must convert a motion to dismiss to a motion for summary judgment if it considers materials outside of a complaint. Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012(b). However, a court may consider documents

2

## ANALYSIS

*Motion to Dismiss Standard*

Defendant seeks to dismiss the Complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012(b), permits a defendant in an adversary proceeding to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). In determining whether a complaint states a claim upon which relief can be granted, the Court must accept as true the complaint's factual allegations. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007); Daewoo Motor America, Inc. v. General Motors Corp., 459 F.3d 1249 (11th Cir. 2006). The complaint must contain "sufficient factual matter…to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570). It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery", Twombly, 550 U.S. at 561, and the Court is permitted "to reject a plaintiff's legal conclusions, labels, and unsupportable assertions of fact." Howell v. U.S. Foods (In re Bilbo), 2014 WL 689097, at *3 (Bankr. N.D. Ga. Feb. 5, 2014) (citing Ashcroft v. Iqbal, 556 U.S. at 678).

---

outside of the complaint without converting the motion if "the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Here, the loan documents and Notice are central to Plaintiff's claims, see, e.g., Barber v. Rubin Lublin, LLC, 2013 WL 6795158, at *4 (N.D. Ga. Dec. 20, 2013), and Plaintiff did not dispute the authenticity of the documents in her response. Accordingly, the Court considers the documents attached to the Motion without converting the motion to dismiss to one for summary judgment.

*Violations of the Fair Debt Collections Practices Act – 15 U.S.C. § 1692e*

The FDCPA was enacted by Congress "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010). In furtherance of this goal, the FDCPA expressly prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The subparagraphs of section 1692e—including section 1692e(11)—provide examples of the kind of conduct that would qualify as a false, deceptive or misleading act. Section 1692e(11) states that "[t]he failure to disclose in the initial written communication with the consumer…that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector" constitutes a violation of section 1692e. 15 U.S.C. § 1692e(11).[2] "[T]o state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); see also Saint Vil v. Perimeter Mortg. Funding Corp., 630 Fed. Appx. 928, 930 (11th Cir. 2015).

The Complaint alleges Defendant's conduct violated sections 1692e and 1692e(11) warranting both statutory and actual damages. The Motion first argues the Complaint fails to adequately allege Defendant regularly conducts business as a "debt collector" within the

---

[2] It is unclear whether Plaintiff would qualify as a "consumer" under the statute, thus bringing Defendant's actions within the scope of section 1692e(11). See 15 U.S.C. § 1692a(3); see also Conboy v. AT&T Corp., 241 F.3d 242, 256 (2d Cir. 2001); Sclafani v. BC Services, Inc., 2010 WL 4116471, at *1 (S.D. Fla. Oct. 18, 2010); Cole v. Toll, 2007 WL 4105382, at *5-6 (E.D. Pa. Nov. 16, 2007); Weinrich v. Robert E. Cole, P.C., 2001 WL 4994, at *4 (E.D. Pa. Dec. 22, 2000). However, because this matter can be fully resolved on other grounds, the Court will assume the statute applies for the purpose of this Order without deciding whether Plaintiff is a "consumer".

4

meaning of the statute, which is required for it to be subject to the FDCPA. Defendant also argues the Notice was not an attempt to collect a debt, but rather a foreclosure notice. The Motion then argues that Plaintiff has not pled facts sufficient to state a claim that the Notice failed to disclose that Defendant was acting as a debt collector pursuant to the requirements of section 1692e(11). In her response, Plaintiff argues that statements regarding Defendant's foreclosure activity in this district and certain information from its website are sufficient to state a claim that Defendant is a "debt collector", and further that the language in the Notice clearly indicates that Defendant was engaged in a debt collection activity.

Without deciding whether Defendant is a debt collector or the Notice was a debt collection activity, the Court assumes both for purposes of this Order. Assuming those facts, and further assuming the Notice falls within the scope of section 1692e(11), the Court finds the Complaint fails to state a claim for a violation of section 1692e(11). The Complaint begins by alleging that Defendant operates as a debt collector and recites portions of the Notice evidencing Defendant was engaged in a debt collection activity. (Complaint ¶¶ 4-8). The only specific allegation in the Complaint regarding a violation of section 1692e(11) appears to be Plaintiff's assertion that "[t]he notice suggested incorrectly that defendant was not a debt collector." (Complaint ¶ 9). To the extent Plaintiff is alleging that Defendant affirmatively stated in the letter that it is not a debt collector, the record does not support such allegation as the Notice contains no such language. To the extent Plaintiff is instead alleging that Defendant failed to identify itself as a debt collector, the Court finds that the Notice satisfies the disclosure requirements of section 1692e(11), as discussed below.

Section 1692e(11) requires the debt collector to disclose in its initial communication that it is attempting to collect a debt and that any information obtained will be used for that purpose,

5

and also requires a disclosure in any subsequent communications that the communication is from a debt collector. 15 U.S.C. § 1692e(11). When evaluating a communication under section 1692e, the Eleventh Circuit has adopted the "least sophisticated consumer" standard, which asks whether the least sophisticated consumer would be deceived or misled by the communication at issue. Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274–75 (11th Cir. 2016); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 (11th Cir. 1985). "The 'least-sophisticated consumer' standard is consistent with basic consumer-protection principles." LeBlanc, 601 F.3d at 1194. "The 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." Id. The test has an objective component in that "while protecting naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Bishop, 817 F.3d at 1275 (citing LeBlanc, 601 F.3d at 1194) (citations and quotation marks omitted).

Courts have found that the disclosure requirement of section 1692e(11) does not require explicit use of the term "debt collector". See Cambpell v. Credit Protection Assoc., LP, 2013 WL 1282348, at *7 (E.D. Mo. Mar. 27, 2013). Instead, courts have found that the "least sophisticated consumer" would not be confused or deceived as to the status of the debt collector when a notice states clearly that it is an attempt to collect a debt. See Volden v. Innovative Fin. Sys. Inc., 440 F.3d 947, 955 (8th Cir. 2006) ("Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a 'debt collector.'"); see also O'Connor v. Check Rite, Ltd., 973 F. Supp. 1010, 1015 (D. Colo. 1997) (finding language stating "this may be an attempt to collect a debt" provides sufficient notice to

comply with the disclosure requirement of section 1692e(11)).  Such language conveys the message required by the FDCPA.  See Pettit v. Retrieval Masters Credit Bureau, Inc., 211 F.3d 1057, 1061-62 (7th Cir. 2000); Epps v. Etan Industries, Inc., 1998 WL 851488, at *7-8 (N.D. Ill. Dec. 1, 1998).  On the other hand, cases where courts have found that a debt collector failed to properly identify itself in accordance with the requirements of the FDCPA typically involve a near complete lack of information; many such cases involve contact by phone that fails to include any meaningful identifiers with no reference to the purpose of the communication or any debt or attempt to collect a debt.  See, e.g., Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009) (phone call where collector leaves only name, business name and phone number without reference to any debt is a violation of section 1692e(11)); Chatman v. GC Services, LP, 57 F. Supp. 3d 560 (D.S.C. 2014) (violation where collector provided only a name and telephone number and stated that the communication involved a sensitive matter); Forkum v. Co-Operative Adjustment Bureau, Inc., 44 F. Supp. 3d 959 (N.D. Cal. 2014) (same).

     The Court finds that the disclaimer on the Notice is sufficient indication it was sent from a debt collector.  The Notice included disclaimer language that clearly stated the Notice may be an attempt to collect a debt.  The disclaimer is readily identifiable in large bold print on all three pages of the Notice, set apart from the remaining language on each page.  In addition to the disclaimer, the Notice included other language that identified the sender as a debt collector.  For example, the second page of the Notice includes language that states, "If you did not sign the associated Note, we are not seeking to collect the debt from you."  Such language implies that Defendant is attempting to collect from the party that did sign the note in question.  In addition, the Notice states that if the recipient had received a Chapter 7 bankruptcy discharge then there would not be an attempt to collect the debt personally.  This kind of language implies that if

there had been no Chapter 7 discharge, then there would be an attempt to collect the debt personally. Taken together, this language would make it clear to the least sophisticated consumer that the Notice was sent by a "debt collector". Accordingly, because the language of the notice satisfies the disclosure requirement of the statute, Plaintiff cannot state a claim for a violation of section 1692e(11). Because the Court reaches this conclusion, there is no need to address the parties' arguments regarding whether Defendant qualifies as a debt collector under the statute and whether Defendant was engaged in a debt collection activity.

*Attorney's Fees*

In the Motion, Defendant asks the Court to find that Plaintiff brought this Adversary Proceeding in bad faith and award attorney's fees pursuant to section 1692k(3). Section 1692k(3) provides in relevant part that "[o]n a finding by the court that an action under th[e statute] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(3). In support of its request, Defendant argues that Plaintiff's claims were wholly unsubstantiated, that Plaintiff failed to attach a referenced exhibit (the Notice), and that the allegation regarding Defendant suggesting it is not a debt collector was knowingly false. Though the Complaint did not contain much detail, and did omit the referenced Notice, such issues do not rise to the level of bad faith or harassment. Awards of attorney's fees are more appropriately administered "to thwart efforts of a consumer to abuse the statute and avoid responsibility to pay a legitimate debt", Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 347 (D.N.J. 2009), or when parties "multipl[y] the proceedings in [a] case unreasonably and vexatiously…." Tucker v. CBE Group, Inc., 710 F. Supp. 2d 1301, 1306-07 (M.D. Fla. 2010).

Neither of those situations is present here, and given the stage of the proceedings, the Court finds that an award of attorney's fees to Defendant would be improper.

## CONCLUSION

After reviewing the Complaint, the Motion, all responses and replies, and all documents attached to the Motion, and considering the parties' positions in the light most favorable to Plaintiff, the Court finds that Plaintiff's complaint fails to allege sufficient facts to state a claim under 15 U.S.C. §§ 1692e and 1692e(11). Accordingly, it is hereby

**ORDERED** that Defendant's Motion is **GRANTED** as provided herein.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Ralph Goldberg
Goldberg & Cuvillier, P.C.
Suite 100
1400 Montreal Road
Tucker, GA 30084

Brian K. Jordan
Aldridge Pite, LLP
Suite 500 - Fifteen Piedmont Center
3575 Piedmont Road, NE
Atlanta, GA 30305